[628 NYS2d 565]

In the Matter of BLAIR WASSERMAN (Admitted as BLAIR MICHELLE ZIFF), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 26, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*LaRossa, Mitchell & Ross,* New York City *(Michael S. Ross* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this Court on May 22, 1985, under the name Blair Michelle Ziff.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner now moves to confirm the report of the Special Referee. The respondent cross-moves to confirm the report of the Special Referee and to impose discipline upon the respondent in the form of a public censure.

The respondent was indicted in or about March 1993 in Kings County and charged under Indictment No. 13104/92 with insurance fraud, attempted grand larceny, and falsifying business records. The respondent entered a plea of guilty, on March 1, 1994, before the Honorable Michael R. Juviler in the Supreme Court, Kings County, to attempted falsifying of business records in the first degree, a class A misdemeanor and a serious crime. On May 3, 1994, Justice Juviler ordered the respondent to pay $5,000 in reparation to the Lawyers' Fund for Client Protection and to perform 300 hours of community service.

By reason of the aforesaid conduct, the respondent is charged with engaging in conduct involving moral turpitude in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3) (Charge One), conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3) (Charge Two), and conduct that adversely reflects on her fitness to practice law in violation of DR 1-102 (A) (8) (22 NYCRR 1200.3) (Charge Three).

Based on the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner's motion and the respondent's cross motion to confirm the report of the Special Referee should be granted.

In determining an appropriate measure of discipline to impose, we have considered the character evidence adduced by the respondent, the overwhelming problems with which she was beset at the time, and the fact that she has committed a single unplanned act of misconduct in the context of an affirmative response to an unexpected invitation by a doctor to make an incorrect entry in his records. Additionally, the respondent has, at all times, acknowledged her misconduct

and has not sought to excuse it. Under the circumstances, the respondent is reinstated to the practice of law and is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and THOMPSON, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm the report of the Special Referee are granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is hereby censured for her professional misconduct.